Pearson, J.
 

 The legal effect of the contract made by the plaintiff and Maxwell, was to give to the latter a
 
 license
 
 to cut the timber, haul it to the rail read, and have it inspected, but it was not to be removed, and, consequently, the right of property did not vest in Maxwell, until it was paid for. The right of property was in the plaintiff, and when the timber was removed without a performance of the condition precedent, the right of property drew to it the right of possession so as to enable the plaintiff to maintain
 
 “
 
 trover.”
 

 There is no
 
 error of law
 
 in respect to the reception of the declarations of Scott. If he was the agent of the defendant, his declarations were admissible. Whether he was the agent or not, was a preliminary
 
 question of fact,
 
 which it was the duty of the Judge to decide, and his decision is not the subject of review by this Court. The jury decide
 
 all issues of fact
 
 raised by the pleadings. The Court must decide all collateral ques
 
 *125
 
 tions of fact that arise in the progress of the trial. This being a “ court of error,” has no more power to review the decision of the Judge in the Court below, upon a mere question of fact, than it has to review the verdict of the jury. If the jury pass on a fact under erroneous instructions, or the Judge does so under an erroneous
 
 impression
 
 in regard to a question of law involved in the trial of the fact, such error, being one of law, is the subject of review by this Court. Eor instance, if the Judge submit a fact to the jurv, where there is no evidence, or if he decide a preliminary fact himself, where there is no evidence to act on, it is error of law;
 
 Munroe
 
 v. Strutts, 9 Ire. Rep. 49. In our case, his Honor decided the fact which was preliminary to the admissibility of the evidence. We think there was some evidence for his Honor to act on. Whether it was sufficient is not our province to decide. The defendant had this timber inspected, claiming it under a contract with Maxwell. He said he would send and take it away; and, “ shortly thereafter,” Scott, a regular rail-road conductor, came and took it away. This furnished some evidence that Scott was acting in pursuance of the declarations of the defendant to that effect. There is no error.
 

 Pee Cueiam, Judgment affirmed.